Pappas v. Town of Enfield

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand fifteen.

PRESENT:
>JOHN M. WALKER, JR.,
>GERARD E. LYNCH,
>RAYMOND J. LOHIER, JR.,
>>*Circuit Judges.*

―――――――――――――――――――――――――――――

MARGARET R. PAPPAS,

>*Plaintiff-Appellant*,

>v.                                                                      14-2134

TOWN OF ENFIELD, PLANNING AND
ZONING COMMISSION, Town of Enfield,
ANTHONY DIPACE, Individual and Official
capacities, JEFFREY D. COOPER, Individual and
Official capacities, JAMES A. HICKEY, JR.,
Individual and Official capacities, KAREN
WESELIZA, Individual and Official capacities,

>*Defendants-Appellees*.

―――――――――――――――――――――――――――――

**FOR PLAINTIFF-APPELLANT:**        KENNETH R. SLATER, JR. (Daniel J. Krisch, *on the brief*), Halloran & Sage LLP, Hartford, Connecticut.

**FOR DEFENDANTS-APPELLEES:**          JOSEPH M. BUSHER, JR., Jackson O'Keefe, LLP, Wethersfield, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Charles S. Haight, Jr., *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Margaret R. Pappas appeals from an order of the district court granting summary judgment in favor of appellees Town of Enfield, Town of Enfield Planning and Zoning Commission (the "Commission"), Anthony DiPace, Jeffrey D. Cooper, James A. Hickey, Jr., and Karen Weseliza on Pappas's class-of-one equal protection claim. Pappas argues that the appellees discriminated against her by denying her subdivision application based on concerns about flooding, traffic safety, neighborhood aesthetics, and community opposition, despite the fact that Pappas's application conformed with all relevant subdivision regulations and that the Commission had approved all other applications that conformed with those requirements since 1999. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment *de novo*, construing all evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in her favor. Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 108 (2d Cir. 2013). Summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Sotomayor v. City of New York, 713 F.3d 163, 164 (2d Cir. 2013), quoting Fed. R. Civ. P. 56(a).

2

Absent evidence of personal malice, a plaintiff may prevail on a class-of-one claim under the Fourteenth Amendment by demonstrating that "she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Analytical Diagnostic Labs, Inc. v. Kusel, 626 F.3d 135, 140 (2d Cir. 2010), quoting Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). A successful claim requires "an extremely high degree of similarity between [the plaintiff] and [her] comparators." Fortress Bible Church v. Feiner, 694 F.3d 208, 222 (2d Cir. 2012). The plaintiff must establish that

> (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake.

Id. (internal quotation marks omitted). Where a plaintiff challenges a zoning decision, that standard requires her to identify comparators who are similarly situated to her with regard to the zoning board's "principal reasons" for denying the application. See id. at 223-24. While that showing is generally a "fact-intensive inquiry," a court may nevertheless "grant summary judgment . . . on the basis of lack of similarity . . . where no reasonable jury could find that the persons to whom the plaintiff compares [her]self are similarly situated." Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir. 2006).

Pappas seeks to compare her application to numerous others that, like hers, complied with all of the Town of Enfield's technical requirements for a residential subdivision, but that, unlike hers, won approval from the Commission. However, Pappas has provided no substantive information regarding these other projects to suggest that they were "similarly situated" to hers with regard to any of the considerations that underlay the Commission's denial of her

3

subdivision plan, including its concerns about flooding, traffic safety, neighborhood harmony, or community opposition. Absent any evidence that those other projects raised any of the same concerns cited by the Commission to explain its denial of Pappas's application, Pappas cannot carry her burden of establishing that "no rational person could regard [Pappas's] circumstances . . . to differ from those of [her comparators] to a degree that would justify the differential treatment." Fortress, 694 F.3d at 222.

Pappas insists that any potential distinctions between her property and her proposed comparators are immaterial because, as a matter of state law, the Commission had to approve her application so long as it complied with the Town of Enfield's subdivision regulations. See Cambodian Buddhist Soc'y of Conn., Inc. v. Planning & Zoning Comm'n of Town of Newtown, 941 A.2d 868, 899 (Conn. 2008); Reed v. Planning & Zoning Comm'n of Town of Chester, 544 A.2d 1213, 1214-15 (Conn. 1988). The fact that the Commission's denial of Pappas's application based on its subjective concerns exceeded the Commission's authority under Connecticut law does not establish that the board discriminated against Pappas as a class of one. See Clubside, 468 F.3d at 150, 159-60 (rejecting class-of-one claim where zoning board's decision was "arbitrary and capricious" under state law). Unlike a challenge to the merits of a zoning decision, which requires only evidence that the defendants subjected a plaintiff to unlawful treatment, an equal protection claim requires evidence that the defendants singled out the plaintiff for such treatment among others whom they had no legitimate interest in treating differently. See id. at 159-60; cf. Harlen Assocs. v. Inc. Vill. of Mineola, 273 F.3d 494, 502 (2d Cir. 2001) (distinguishing "the merits of the Board's decision [from] its constitutionality"). Because concerns about adverse effects on flooding, traffic safety, and community harmony are all legitimate state interests, see Harlen, 273 F.3d at 501, regardless of whether they are lawful

4

grounds for denying a particular subdivision application under Connecticut law, Pappas's failure to establish that the Commission accorded preferential treatment to other properties similarly situated with regard to those considerations precludes her from establishing that the Commission's decision to deny her application – however unlawful – discriminated against her as a class of one.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk